UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY ⎯⎯⎯ D.C.
JUN 20 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff,

v.

RODOLFO FERNANDEZ,

Defendant.

Case No. 0:16-TP-60009-WJZ-1
*Hon. Judge William J. Zloch*

## MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM

NOW COMES the Defendant RODOLFO FERNANDEZ, appearing *pro se*, and respectfully motions the Court to terminate the imposed term of supervised release pursuant to 18 U.S.C. §3583(e)(1) and Fed R. Crim. P. 32.1(c)(2)(C). No hearing is sought in this matter per Fed R. Crim. P. 32.1(c)(2)(B).

Argument Summary: Section 3583(e) allows Article III judges to terminate a term of supervised release if it is in the interest of justice and warranted by the defendant's conduct. This petition deserves to be granted because:

- The goals of supervision have been reached, the need for further supervision is no longer needed and the interests of justice are served by granting this request;
- I meet all eight criteria from §3553(a) that are pertinent to this type of request;
- I meet all nine policy criteria for a probationary recommendation from Monograph 109;
- I am low risk to re-offend for the remainder of my life; and,
- Similar defendants from this district, with similar cases, have had their petitions for early termination granted.

## Case History

1. The Eastern District of New York sentenced me on November 28, 2011 to a term of 48 months of imprisonment followed by 5 years of supervised release. (CR 1).[1] This sentence came after I pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine.[2] My supervision began on September 22, 2014.

## Statutory Authority, Circuit Precedent, and Policy Overview

2. 18 U.S.C. § 3583(e)(1) states that, after considering several factors expressed in 18 U.S.C. § 3553(a),[3] the Court may terminate a term of supervised release and discharge the defendant after serving one year of supervision if it is warranted by the conduct of the defendant and it is in the "interest of justice".[4]

3. Of the nine factors in §3553 that are considered at original sentencing hearings, only eight are present here. The only factor at sentencing that is missing from consideration of an early termination of supervised release request is §§(a)(2)(A): "the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;".

4. It follows from this that supervised release is not punishment, and an early termination request doesn't ponder the seriousness of the originating offense, but rather asks the Court to determine if further supervision is needed to accomplish the goals of supervision. The interests of justice can be served, in my case, by early termination. ("[I]mprisonment and supervised release are designed to serve very different purposes. See *United States v. Douglas*, 88 F.3d at 534 (citing United States v. Love, 19 F.3d 415, 417 & n. 4 (8th Cir.), cert. denied, 513 U.S. 967, 115 S.Ct. 434, 130 L.Ed.2d 346 (1994)). Rather than being punitive, supervised release is intended to facilitate "the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct." U.S.S.G. Ch. 7, Pt. A, comment. (n. 4).; see also

---

1. "CR" followed by a number references the PACER docket entry of this Court's record. All pertinent records from my EDNY docket are contained in the transfer packet, the first and only entry into my FLSD docket.
2. In violation of Title 21 U.S.C. §846 and §841(b)(1)(A).
3. Specifically, the Court is to consider (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).
4. Title 18 U.S.C.A. §3583(e)(1).

*Quinones*, 936 F.Supp. 155. *U.S. v. Joseph* 109 F.3d 34 (1st Cir. 1997)).

5. "The Supreme Court has described supervised release as 'the decompression stage' between prison and full release." *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015) (Quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000)). As will be seen below, this decompression stage, and the further need for supervision, no longer applies in my case.

6. 18 U.S.C. § 3583(e)(1) permits a district court to "terminate a term of supervised release and discharge the defendant" if, "after considering the factors set forth in" 18 U.S.C. §3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." *United States v. Keshishian*, 12-10680 (11th Cir. 2013).

7. A court may terminate supervised release early even if the statute of conviction originally required a particular term of supervised release. See, e.g., *United States v. Spinelle*, 41 F.3d 1056, 1069 (6th Cir. 1994); *United States v. Gainer*, 936 F.Supp. 785, 786 (D. Kan. 1996); *United States v. Scott*, 362 F.Supp.2d 982, 984 (N.D. Ill. 2005); *United States v. McClister*, 2008 WL 153771, *2 (D.Utah 2008).

8. Policy on early termination on supervised release can be found both in Monograph 109 for probationary policy,[5] and in the Sentencing Guidelines Manual in §5D1.2. Fundamental to this pleading, the Commission changed this section of the Manual in 2011 to specifically encourage courts to consider early termination of supervised release in "appropriate cases." The only example of an appropriate case is a former addict that completes substance abuse treatment successfully – as I have done – thereby reducing his likelihood of recidivism to the community.

9. It is noteworthy that this policy shift in the Guidelines Manual nullifies the oft-used "exceptional conduct" and "changed circumstances" standard set by the *Lussier* Court in

---

5 *Supervision of Federal Offenders*, (Guide to Judiciary Policy, Vol. 8E, Ch. 3 at 28-29)

the 2nd Circuit, 19 years ago. See *U.S. v. Lussier*, 104 F.3d 32 (2nd Cir 1997).

10. I have thus far served 33 months on supervision, with 27 months remaining. My conduct since release personifies change, cooperation, and absolute compliance. All of the factors this Court must consider under §3553(a) when deciding to terminate a term of supervised release early, in addition to those it may consider, *id.*, weigh in favor of early termination in my case. These factors are discussed below.

## Discussion of 18 U.S.C. §3553 Factors

11. I have now served 55% of my term of supervision. I paid my $100 special assessment in full and I was not fined or given a judgment of restitution to pay.[6] I have no needs, educational, medical, or otherwise which could be facilitated from further supervision.[7] Since my release, I have received no infractions or violations of supervision and have complied with every condition thereof. I have cooperated fully from day one with the Bureau of Prisons and the USPO.

12. Additionally, I pose a very low likelihood to commit future crimes. Data accumulated from other federal criminal cases indicates that I pose a very low risk of recidivism. First, due to my initial criminal-history points, I have a low likelihood of recidivism. First, because I am openly and honestly committed to a life free of crime. I'm now in my 40's and am no longer an impulsive kid in my 20's. I've made poor choices in my past and will not make those again in my future.

13. Second, the effect of early termination, as requested in this motion, reduces my likelihood to recidivate. A recent recidivism study by the AOUSC-OPPS examined a cohort of offenders whose supervision terms expired or were terminated early in fiscal year 2005. The study found that during the 36-month follow-up period, "offenders granted early termination do not pose a greater safety risk to the community" than offenders who successfully served the entire supervised release term imposed by the

---
6  This compliance lends itself to satisfying §3553(a)(7).
7  Satisfying §3553(a)(2)(d).

sentencing court. "In fact, early-term offenders in this study presented a lower risk of recidivism than their full-term counterparts. Not only were early-term offenders charged with a new criminal offense at a lower rate than full-term offenders, they were charged with proportionally fewer felonies..."[8] [9]

14. Data accumulated by the Sentencing Commission and released in a report just this year show that, in terms of the age of released offenders, I am in the lowest likelihood of any offender category or of *any* metric to return to prison. Offenders over 60 at sentencing are shown to have a reincarceration rate of 5.7%, and offenders over 60 at the time of their release are marginally higher at 6.6%.[10] At 40 years old, I am not among the subset of offenders covered by this study, but I am getting there and am much closer to these numbers than I am to younger offenders. Nationally, prisoners between the ages of 18 and 29 experience a recidivism rate of over 50%, while those 55 or older experience a rate of only 2%."[11]

15. I ask for and expect no sympathy from this Court for the punishment I received for my actions. I simply point to the years I have now paid for my crime with, and ask the court to grant me the ability to move on from supervision.

## Discussion of Relevant Policy Considerations

16. Policy regarding drug sentences under the Sentencing Commissions Drug Quantity Table (in section U.S.S.G. §2D1.1) has shifted lower on three separate occasions since 2007. Each time, the drug quantity table has lowered the base offense levels of drug crimes. Most recently this has affected many different drug types with the 2014 amendments to this section of the guidelines manual. Though a lower sentence of incarceration cannot compel the Court to reduce a sentence of supervised release, it

---

8  See James L. Johnson, *Are Early Terminated Offenders a Greater Risk to the Community? NEWS AND VIEWS*, Vol. XXXV, No. 2, at 1 (Jan 18, 2010). Published by AOUSC-OPPS
9  Paragraphs 12-14 satisfy §3553(a)(2)(B)-(D). It's of note that §3583(e)(1) does not set forth §3553(a)(2)(A) as a factor to be considered in requests such as this, as Supervised Release is not considered a part of the "punishment" for my criminal behavior, but for affording adequate protection from the public from me, which is no longer relevant.
10 Recidivism Among Federal Offenders: A Comprehensive Overview, Appendix A-3. (United States Sentencing Commission, 2016). Available at: *http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf*
11 U.S. Department of Justice Bureau of Justice Statistics, Trends in State Parole, 1999 – 2000.

should take such under consideration. See U.S.S.G §1B1.10:

> "*<u>Modification Relating to Early Termination.</u>* – If the prohibition in subsection (b)(2)(C) [prohibiting a Court from reducing a term of incarceration on a §3582 motion] relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range ... the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under §3583(e)(1)" Id. at Application Note 7(B).[12]

17. In tandem with the Sentencing Guidelines Manual notes in §5D1.2, Probation Monograph 109 informs probation officers that they "**should consider the suitability of early termination for offenders as soon as they are statutorily eligible.**"

18. When making this determination, the 9 general criteria for making a recommendation to the court for early termination are found in subsection 380.10(b):

   *(1) Stable community reintegration;*
   *(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;*
   *(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;*
   *(4) No history of violence;*
   *(5) No recent arrests or convictions;*
   *(6) No recent evidence of alcohol or drug abuse;*
   *(7) No recent psychiatric episodes;*
   *(8) No identifiable risk to the safety of any identifiable victim; and,*
   *(9) No identifiable risk to public safety based on the Risk Prediction Index."*

19. Later in that same section it states that failure to meet criteria listed should not automatically exclude an offender from further consideration (§§d), and there is <u>a presumption in favor of recommending early termination</u> for probationers and supervised releasees who have been supervised for at least 18 months and are not violent, drug, sex offenders, terrorists, present a risk to public or victims, and are free from any moderate or higher violations.

20. I have a very strong support structure which encourages my law-abiding life. My wife,

---
12 This policy speaks to satisfying §3553(a)(4) and (a)(5)

Alisha Karim, married me 2 years ago and is a constant encouragement to my life outside prison walls. I have fantastic immediate family who are invested in my continued success as well, including both my parents and my brother.

21. I am gainfully employed by American Fire Sprinkler Services as a Fire Sprinkler System Designer, making steady and reliable income. I have been with the company since April of 2014 and have excelled since day one. When I started with American Fire Sprinkler, I would have (and did) taken any job they had to offer. Since beginning there, I have completed professional training in design and AutoCAD and have become one of their designers, an integral part of the team. I could not be more proud.[13]

22. I have not been arrested or committed any violations of supervision since release. I attended and completed the non-residential Drug Abuse Program (NRDAP) while in the custody of the BOP and have not had any failed drug screenings since then. This places me in the category of offender specifically pointed to by the Sentencing Commission for early termination in §5D1.2 n5.[14]

23. I do not have an aggravated offense, or an aggravated role in the instant offense. I do not have a history of violence (I had a conviction for a robbery when I was 17 years old which may be considered a predicate offense under current ACCA precedent, but it is so old now I believe it wouldn't qualify as a violent past under this Court's definition). I have no psychiatric problems, nor any psychiatric episodes in my past at all.[15]

24. I have no victims at all, and certainly none whose safety would be at risk were my supervision to be terminated early. And, finally, my risk of recidivism is statistically as low as any federal offender, see ¶12-14.[16]

---

13 Residence, family, and employment are the detailed examples that speak to criterion (1): stable community Integration.
14 Lack of arrests or violations of supervisory conditions satisfy criteria (2) and (5), respectively. Participation in treatment programs with no errant drug tests satisfies criteria U.S.S.G. §5D1.2 (n. 5) and criterion (6).
15 Criteria (3), (4) and (7), respectively. Regarding a history of violence, policy specifically points out domestic and sexually predatory behavior, none of which are present in my case, nor ever will be.
16 Satisfying criteria (8) and (9).

25. Finally, another recent case from just this district speaks directly to this request. In United States v. *Nerlich*, 9:96-CR-8066, (FLSD 1996), the defendant was terminated from the remainder of his supervision after serving 24 out of 60 months by Judge Ryskamp out of the West Palm Beach Courthouse. There are characteristics that distinguish defendant Nerlich's case from mine, however both cases involved 5 years of supervised release and both requests were made within this District in Florida. See also *United States v. Folan*, 9:15-TP-80032 (FLSD with release order in 2017 by Judge Middlebrooks)

## CONCLUSION

Considering the cost of supervision, and based upon the reasons and factors discussed in this motion, I respectfully request that this Court terminate the remainder of my term of supervised release.

Respectfully submitted on this 19th day of JUNE, 2017.

/s/ [signature]

RODOLFO FERNANDEZ
*Pro Se* Defendant, Movant
2748 Nw 104th Ave, #407
Sunrise, FL 33322

CERTIFICATE OF SERVICE
FOR PRO SE DOCUMENTS

I, RODOLFO FERNANDEZ, do hereby certify that I have served a true and correct copy of the following document,

**MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM**

upon the court and the office of the United States Attorney:

| | |
|---|---|
| **Noticing AUSA** | **Clerk of the U.S. District Court** |
| United States Attorney's Office | Southern District of Florida - FTL |
| 500 E. Broward Blvd. | 299 East Broward Blvd. |
| 7th Floor | Suite 108 |
| Fort Lauderdale, FL 33394 | Fort Lauderdale, FL 33301 |

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the 19th day of JUNE, 2017.


RODOLFO FERNANDEZ
*Pro Se* Movant